IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUGENE E. CABER,                )
                                )
          Plaintiff,            )
                                )
     v.                         )
                                ) Civil Action No. 06-140J
MICHAEL J. ASTRUE,[1]           )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
          Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this  15-th  day of August, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well-settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on July 25, 2004, alleging disability beginning April 25, 2004, due to anxiety attacks, depression, high blood pressure, diabetes, diabetic retinopathy and double vision. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on November 15, 2005, at which plaintiff appeared represented by counsel. On December 21, 2005, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on April 19, 2006, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 37 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations.

20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a computer drafter, assembler, unskilled laborer, van driver and machine operator, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of hypertension, non-insulin dependent diabetes mellitus, anxiety disorder, panic disorder without agoraphobia, depressive disorder and personality disorder, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform medium work with a number of non-exertional limitations. Plaintiff is limited to simple, routine, repetitive tasks, as well as work that is not performed in a production or quota-based environment. In addition, he requires work that involves only simple work-related decisions and relatively few work place changes. Finally, plaintiff requires work that involves no more than occasional interaction with supervisors, co-workers and the general public (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that

plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as an equipment washer, vehicle washer, trash collector, cleaner/polisher, photographic machine operator or folding machine operator. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the

criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Farqnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on the basis that the ALJ ignored the assessments of three psychologists

and dismissed the vocational expert's opinion without a proper basis. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first claims that the ALJ erred because she ignored assessments by Dr. Daniel Palmer, a consulting psychologist, Dr. Kim Foster, an examining psychologist, and Dr. Michael Moran, a treating psychologist. According to plaintiff, all three doctors determined that his emotional problems rendered him disabled. To the contrary, the evidence of record indicates that plaintiff's characterization of the doctors' assessments is inaccurate.

Dr. Palmer indicated that plaintiff is capable of understanding and carrying out simple instructions, but he has a limited capacity to tolerate work stress. (R. 170-72). While Dr. Palmer questioned plaintiff's ability to accurately process, retain and implement complex directions, it was his opinion that plaintiff could understand and implement simple oral directions and sustain attention to simple tasks. (R. 170). Contrary to plaintiff's assertion, Dr. Palmer's opinion that he was markedly limited in his ability to understand, remember and carry out detailed instructions and respond to work stress does not, as a matter of course, mean that plaintiff is disabled. As stated, Dr. Palmer believed plaintiff is capable of performing work that involves simple tasks. The ALJ fully considered Dr. Palmer's opinion (R. 18-19), and she incorporated the limitations Dr. Palmer identified into the RFC Finding by restricting plaintiff to simple tasks, simple work-related decisions and relatively few work place changes.

The ALJ likewise considered Dr. Foster's evaluation of plaintiff's capabilities. (R. 19-20). Again, contrary to plaintiff's suggestion, Dr. Foster's report does not indicate that he is disabled. (R. 228-33). Rather, Dr. Foster concluded that plaintiff requires work that involves repetitive, clear cut tasks without quotas and with few, if any, people. (R. 233). The ALJ included Dr. Foster's assessment in the RFC Finding by limiting plaintiff to simple, repetitive work not performed in a production or quota-based environment, as well as no more than occasional interaction with supervisors, co-workers and the general public. Thus, the ALJ properly analyzed Dr. Foster's opinion, and relied upon it in making the RFC Finding.

Finally, the ALJ properly considered Dr. Moran's opinion. (R. 19). Dr. Moran stated on a form report for state welfare benefits that plaintiff temporarily was disabled for less than 12 months. Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §§404.1504, 416.904. Here, Dr. Moran's disability opinion simply was set forth on a "check-the-box" form without any objective medical evidence to support his conclusion. Thus, Dr. Moran's opinion of temporary disability was not entitled to controlling weight.

In sum, the ALJ analyzed and considered the opinions of Drs. Palmer, Foster and Moran, and he incorporated the limitations they

identified into the RFC Finding. Given that fact, plaintiff's argument that the ALJ ignored the assessments of these doctors lacks merit.

Plaintiff next argues that the ALJ dismissed the vocational expert's opinion without a proper basis. To the contrary, the ALJ fully considered the vocational expert's opinion. (R. 21). In response to a hypothetical question that included all of plaintiff's limitations as set forth in the RFC Finding, the vocational expert identified a number of jobs which exist in significant numbers in the national economy that plaintiff can perform. (R. 273-74). The vocational expert further testified that even if plaintiff was substantially impaired in his ability to make judgments on simple work-related decisions, plaintiff still could perform the jobs he identified because they involve simple, repetitive tasks and do not require an individual to make decisions. (R. 275-76). For these reasons, the court finds that the ALJ properly considered and relied upon the vocational expert's testimony in this case.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous.

Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Larry D. Lashinsky, Esq.
    Rea, Rea & Lashinsky
    415 Wayne Street
    P.O. Box 487
    Hollidaysburg, PA 16648

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901